IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MOZAMIL MOHAMMED DAUD, Defendant. | 8:18-CR-72 MEMORANDUM AND ORDER |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 41) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Nonetheless, the Court declines to adopt the findings and recommendation at this time.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court's review of the record on this matter is de novo. And on its de novo review, the Court has reservations about whether there is a factual basis for the plea in this case. Specifically, the Court is concerned by the defendant's failure to clearly admit knowing there were controlled substances in his vehicle in the District of Nebraska.

Accordingly, it is the Court's intent to further inquire on that matter at the sentencing hearing set for July 11, 2019, and decide then whether the plea should be accepted and the matter should proceed to sentencing at that time. Counsel should be prepared to address that issue.[1]

---

[1] The Court is aware of the defendant's right to enter a so-called "*Alford* plea," pleading guilty and consenting to imposition of a sentence even though he may continue to maintain his innocence. *See Brownlow v. Groose*, 66 F.3d 997, 998 n.2 (8th Cir. 1995); *see also North*

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea are held in abeyance pending hearing.

2. This matter will be taken up at the sentencing hearing set for July 11, 2019.

3. This case shall provisionally proceed to sentencing.

Dated this 9th day of May, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

*Carolina v. Alford*, 400 U.S. 25, 37-39 (1970); *Brooks v. United States*, 772 F.3d 1122, 1123 (8th Cir. 2014). And the Court is willing to consider accepting the defendant's plea on that basis—*if* it's clearly articulated as such, and *if* the Court is satisfied that there is strong evidence of actual guilt. See *Alford*, 400 U.S. at 37. But it's not clear to the Court that at the change of plea hearing, the parties were contemplating an *Alford* plea—and while the Court will permit a defendant to enter an *Alford* plea, the plea must be knowing and voluntary.